T.C. Summary Opinion 2007-113

UNITED STATES TAX COURT

MICHAEL J. ROVELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18728-05S.                 Filed July 2, 2007.

<u>Michael J. Rovell</u>, pro se.

<u>Julie A. Jebe</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the year 2001 in the amount of $22,502.42. The issues for decision are whether petitioner is entitled to a deduction for State and local taxes paid in the year in issue, and whether petitioner is entitled to deductions for other miscellaneous business expenses and tax preparation fees in 2001.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Chicago, Illinois.

Petitioner is a criminal defense attorney based out of Chicago, Illinois, with clients in several States. Petitioner filed his Federal income tax return for 2001 listing the following deductions on Schedule A, Itemized Deductions:

| | |
|---|---|
| State and local income taxes | $19,400 |
| Gifts by cash or check | 250 |
| Tax preparation fees | 12,721 |
| Other miscellaneous deductions (books, seminar expenses, dues) | 5,750 |
| Other business expenses (entertainment & promotion) | 4,600 |

On July 7, 2005, respondent mailed petitioner a notice of deficiency, disallowing all of the deductions listed on petitioner's Schedule A, with the exception of the deduction claimed of $250 in Gifts by Cash or Check.

Part of the exhibits received into evidence is photocopies of four canceled checks, each in the amount of $2,000, all drafted on an account labeled, "The Law Offices of Michael J. Rovell, Chtd. - Office Account #1", and all made payable to the Illinois Department of Revenue. The Court also received at trial two letters sent to petitioner by his attorney, Michael Moss (Mr. Moss), for legal services rendered between May 10 and December 31, 2001.

At the conclusion of the trial, the Court ordered that the record in this case be held open so that petitioner could submit additional documents substantiating the other miscellaneous and business expense deductions listed on the Schedule A. In response to this order, petitioner submitted photocopies of three canceled checks in the amounts of $7,000, $4,000, and $1,600, all drafted on an account labeled, The Law Offices of Michael J. Rovell, Chtd. - Office Account #1, and all made payable to Michael Moss. These checks were dated 2/20/01, 6/26/01, and 7/13/01. These three checks were the only documents petitioner submitted to the Court before the record was closed on August 23, 2006.

## Discussion

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that the determinations are in error. Rule

142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Section 7491 shifts the burden of proof to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining a tax liability, provided the taxpayer has maintained books and records, and has cooperated with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Based on our review of the entire record in this case, we are convinced that the burden has not shifted to respondent on any issue before the Court.

Taxpayers are permitted deductions only as a matter of legislative grace, and only as specifically provided by statute. <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). In addition, section 6001 places upon the taxpayer the requirement to maintain records sufficient to sustain the veracity of taxpayer's income and expenses.

After taking into account petitioner's concession,[1] our decision rests on whether petitioner has presented the Court with evidence sufficient to support the deductions disallowed by respondent for the year in issue.

---

[1] At trial, petitioner conceded that of the $19,400 deduction for State and local taxes at issue in this case, $7,400 of that amount was actually for Federal taxes, leaving only $12,000 of the original amount in dispute at issue.

First, as to the issue of State and local taxes paid, we are persuaded from our review of the entire record before us that the $8,000 in canceled checks submitted at trial was paid to the State of Illinois for personal taxes owed by petitioner and not for those owed by his business. We find petitioner's testimony credible that these checks were for State and local income taxes personally owed to the State of Illinois. We are further convinced by the check registry submitted at trial that the checks at issue were, in fact, paid for personal State income taxes owed. We believe petitioner's testimony that his law practice was not operating as a corporation during the year in issue and that these checks were not paid for any State or local taxes on its behalf. Finally, we note that the State and local tax deduction at issue was claimed only on petitioner's Schedule A and not his Schedule C, Profit or Loss From Business, where taxes paid for his business would be deducted. Accordingly, we hold that petitioner is entitled to an itemized deduction in the amount of $8,000 for State and local taxes paid in 2001.

With respect to petitioner's deduction for tax preparation fees, at trial, petitioner explained that these expenses were primarily for legal services. Although petitioner did submit two letters from Mr. Moss listing the nature of the services provided to petitioner, it is unclear, both from the letters and from petitioner's testimony what portion of these services was

rendered with respect to petitioner's income tax issues and petitioner's personal life (i.e., divorce proceeding). Moreover, Mr. Moss's letters are likewise ambiguous as to what portion of the legal services at issue was rendered strictly for petitioner's income tax problems. Therefore, because it is impossible to determine the nature of these legal services, and due to petitioner's failure to provide additional information with respect to the nature of these services after the Court ordered the record to be held open for that purpose, we sustain respondent with respect to the disallowance of petitioner's deduction for tax preparation fees.

Third, and with respect to the deduction taken for petitioner's other miscellaneous business expenses for entertaining clients and promoting his legal practice, petitioner failed to provide the Court with any documentation or, for that matter, credible testimony as to the nature and type of these expenses. Section 274(a) provides that no deduction will be allowed for items considered entertainment unless the taxpayer establishes that the item was related to the active conduct of the taxpayer's trade or business. Sec. 274(a)(1). Moreover, section 274(d)(2) requires that the taxpayer substantiate entertainment expenses by showing adequate records or providing sufficient evidence corroborating the taxpayer's own statement. In this case, petitioner's testimony that he maintains a national

law practice courting high-profile clients who need to be "wined and dined" is insufficient evidence to substantiate the amount he claims. Accordingly, we sustain respondent's disallowance of petitioner's other miscellaneous deductions.

Finally, with regard to the disallowance of other expenses for books, fees, seminars, and dues in the amount of $5,700, petitioner has failed to offer any evidence with regard to these expenses; therefore, we sustain respondent's total disallowance.

Based on the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.